NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMAS POLLON INOCENTE,<br><br>    Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No.   16-70541<br><br>Agency No. A072-514-868<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
Pasadena, California

Before:  R. NELSON and VANDYKE, Circuit Judges, and COLE,*** District
Judge.

Tomas Pollon Inocente (Petitioner) petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the denial of his application for

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***      The Honorable Douglas Russell Cole, United States District Judge Southern District of Ohio, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition.

Where, as here, the BIA "does not any express disagreement with the [Immigration Judge's] reasoning or conclusions, we revisit both decisions and treat the IJ's reasons as those of the BIA."  *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011) (citation omitted).  "We review factual findings for substantial evidence and legal questions de novo."  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

Substantial evidence supports the BIA's decision to deny Petitioner's applications for asylum and withholding of removal.  Petitioner had a burden to establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).  Petitioner cannot do so.  The BIA properly determined that the threats Petitioner received in 1990 or 1991 were not sufficient to rise to the level of persecution because Petitioner testified no physical or mental harm ever came of those threats.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).  No member of Petitioner's family—all of whom remain in Guatemala—has been harmed.  *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009).  Petitioner also returned to

Guatemala in 2007 and was not harmed or threatened during his stay. The BIA correctly determined that Petitioner has not established past persecution, and that he also fails to independently establish a well-founded fear of future persecution. *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004).

The BIA properly determined in the alternative that Petitioner did not establish a nexus between the harm he fears and any statutorily identified grounds. In his brief, Petitioner raises two such grounds: his purported social group[1] and his political opinions. 8 U.S.C. § 1101(a)(42)(A); *Mendez-Efrain v. INS*, 813 F.2d 279, 282 (9th Cir. 1987). As to the first, even if Petitioner's family represented a cognizable protected class, the family has not been harmed in Guatemala since Petitioner received threats in 1990 or 1991. As to the second, the BIA correctly determined that Petitioner did not establish that the threats he received were based on an imputed political opinion. Petitioner also provided no evidence that his wife's uncle was abducted because of his political opinion, or that anyone imputed

---

[1] Petitioner now characterizes this social group as people "who: (1) report criminal activities to both local and military authorities; (2) relating to harm committed against family members; (3) the family members who are politically active; (4) and who are then subsequently threatened with death if they continue to pursue criminal investigation of the missing family member." But before the BIA, he described the particular social group as family. Because Petitioner did not raise his newly described social group before the agency, he has failed to exhaust his administrative remedies as to it and cannot rely on that social group as the basis for his claim here. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). So the Court treats the social group as "family."

that opinion to Petitioner.

Substantial evidence also supports the determination that Petitioner is not eligible for CAT relief. Petitioner relied on the same information he presented in support of his asylum claim. That information did not show that he is more likely than not to be tortured by or with the acquiescence of a government official or person acting in an official capacity in Guatemala. 8 C.F.R. § 1208.16(c)(2); *Unuakhaulu v. Gonzales*, 416 F.3d 931, 939 (9th Cir. 2005).

**PETITION DENIED.**